IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATE OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 09-CR-74-JHP |
| ALEJANDRO PEREZ-PARDON, a/k/a WILLIAM A. VELLASQUEZ | ) ) ) ) | |
| Defendant, | ) ) ) | |

**<u>ORDER</u>**

On August 19, 2009, the Court granted by Minute Order [Docket No. 25] Defendant's Unopposed Motion to Amend the Scheduling Order [Docket No. 24] continuing all motion deadlines for 20 days and the trial date by 30 days. The Court enters the current Order to supplement and further explain the previous Minute Order.

The Court recognizes that the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq*., provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). In this case, the Court recognizes that the requested continuance might impact the 70 day deadline contemplated by § 3161(c)(1).

However, 18 U.S.C. § 3161(h) provides that certain "periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence." Among

1

those periods of delay excluded are those periods "resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Among the factors which a judge shall consider in making this determination are "[w]hether the case is so unusual or so complex, due to . . . the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [§ 3161]," 18 U.S.C. § 3161(h)(7)(B)(ii), or "[w]hether the failure to grant such a continuance in a case which . . . is not . . . unusual or . . . complex . . . would deny counsel for the defendant or the attorney for the Government reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

In support of his motion for a continuance, Defendant's counsel states that the Government filed a Superseding Indictment [Docket No.19] on August 11, 2009. The Superseding Indictment contained four counts: the two counts contained in the original Indictment plus two new counts. The trial in this case was scheduled to begin on August 31, 2009. Defendant's counsel asserts that he needs additional time to meet with his client regarding the new charges contained in the Superseding Indictment. Additionally, counsel states that the new charges require additional investigation and/or research in order to adequately prepare for trial in this case.

The Court finds that Defendant's request for a continuance should be granted. Because a Superseding Indictment was filed approximately 20 days before the jury trial was scheduled to begin, the current trial schedule does not afford counsel for Defendant adequate time to evaluate

the different options available to Defendant and prepare for trial. Based upon the factors enumerated in 18 U.S.C. § 3161(h)(7)(B), the Court therefore concludes that the ends of justice served by granting a continuance of the deadlines in this case outweigh the best interest of the public and the Defendant in a speedy trial and that the delay occasioned thereby is properly excluded for purposes of the Speedy Trial Act.

As such, the Court concludes that in the interests of justice and for good cause shown, the jury trial shall instead be continued in this case from August 31, 2009, to October 5, 2009. The deadlines for pretrial motions are set forth in the Amended Scheduling Order entered this same day [Docket No. 28].

IT IS SO ORDERED this 25th day of August, 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma